GEORGE G. LIGARE

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa October 11, 1895.*

1. PUBLIC IMPROVEMENTS—*petitioner in condemnation must see to entry of proper judgment.* It is the duty of the petitioner, and not of the respondent, in a condemnation proceeding, to see that a correct judgment, corresponding with the verdict, is entered.

2. SAME—*evidence as to damages—treating remainder of lot and adjoining lot as one tract.* Under a petition to condemn part of a lot for an alley, and cross-petition to compel the city to take and pay for the whole lot, on the ground that the remainder is too small for use, respondent may, in the first instance, prove his damages to the part not taken, and cannot be compelled, in framing his questions, to treat such remaining part, and an adjoining lot owned by him and not mentioned in any of the pleadings, as one entire tract.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

J. W. WAUGHOP, for appellant.

JOHN F. HOLLAND, and HARRY RUBENS, Corporation Counsel, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee filed its petition in the circuit court of Cook county, under article 9 of the act concerning cities and villages, to condemn the north sixteen feet of lot 1 of R. S. Thomas' subdivision of part of the south-east fractional quarter of section 27, township 39, north, range 14, east of the third principal meridian, for an alley. Appellant, the owner, filed his cross-claim or petition, stating that the lot had a frontage of thirty-two feet, and that the half of the lot not taken would be too small for any profitable use, and that the city should take and pay for the whole lot, and that the same was worth $150 per front foot, or the total sum of $4800. The jury fixed the compensation to be paid for the north sixteen feet at $1770, and found that the remainder of lot 1 *and lot 2* would not be damaged. After overruling the motion of appellant for a new trial, the court rendered judgment for $1760. Appellant prosecutes this appeal to reverse that judgment.

The entering of the judgment for a less amount than the verdict seems to have been a mere inadvertence, and might have been corrected on the motion of either party. Counsel for appellee seem to contend that it was the duty of appellant to move such amendment of the record in the court below as would make the judgment conform to the verdict, and insist that because he has not done so the judgment should stand. But this view is certainly an erroneous one. It was the duty of the petitioner to see that a correct judgment was entered. The respondent was not charged with any duty in that respect. His property was being taken from him for public use without his consent, and he was not bound to see that no mistake was made by those engaged in administering the law whereby he was to be deprived of his property. This error, however, might perhaps be corrected without awarding a new trial were it the only one, but from

a careful examination of the record we are satisfied that the trial court erred in its rulings respecting the admission and exclusion of the testimony of certain witnesses.

There was no reference in the petition of the city, or in the cross-claim or petition of the respondent, to lot 2, or to any tract, lot or parcel of land other than lot 1, and it was proper for the respective parties, in the production of their testimony, to confine it to the allegations of the parties and to the point at issue. But during the production of the evidence on the part of the petitioner it was shown that by the admission of the respondent he owned lot 2, which adjoined lot 1 on the south, and the court refused to permit the respondent to prove any damages to the sixteen feet of lot 1 not taken for the alley, treated independently of lot 2, but required respondent to so frame his questions, both on direct examination of his own witnesses and on cross-examination of those of his adversary, as to compel the witnesses to treat lot 2 and the south sixteen feet of lot 1 as one entire tract. This was clearly erroneous. The property had previously been divided into separate lots, and such division was recognized by the petitioner in its petition. No mention was made of lot 2 until made by the witnesses on the trial, and the respondent had the right, in examining and cross-examining the witnesses, to treat the lots as separate tracts. He had the right to show, if he could, that by the condemnation of the north sixteen feet of lot 1 for an alley the remainder of the lot was lessened in value in a greater degree than it was reduced in dimensions, without any regard, in the first place, to lot 2. It is equally true that it was competent for the petitioner to show that respondent owned lot 2, and that it was so situated and used that by uniting it with the adjoining half of lot 1 not taken, such half of lot 1 would not be damaged, or at least not so much damaged as it otherwise would be. But the effect of the ruling of the court was, in the midst of the trial, when it could not have been

reasonably anticipated by the respondent, to make him prove the petitioner's case in connection with his own. It might well be that lot 2 was so circumstanced, built upon or used that the remaining half of lot 1 could not be joined to it and both treated as one tract without detriment to both. While these facts could be developed on the trial, the respondent should not have been required, in the first instance, to treat both lots as one, and denied the privilege of examining the witnesses as to them separately. Even if the conclusion were found to be the proper one that they could be used advantageously as one tract, still, in eliciting the testimony, it was clearly proper for the respondent to treat the lots separately, and it would doubtless have been to his interest to do so. The trial court held that respondent should not be permitted to divide his property, in adducing his evidence. The division, however, had been made previously and was recognized by the petitioner in its petition, and the respondent was treating the property as it was then situated, but the court compelled him to ignore this division. While it would have been competent for the petitioner to show, as before stated, that the half of lot 1 not taken could be advantageously joined to lot 2, and when so joined would not be damaged or so greatly damaged, still the question of damages should have been confined to lot 1, and the jury should have so confined it in their verdict.

It is also objected that the ordinance does not sufficiently locate the property and the improvement as being within the corporate limits of Chicago. This objection is without force, and the question raised has so often been decided by this court in recent cases that no further mention of it is necessary.

For the errors indicated the judgment is reversed and the cause remanded to the circuit court.

*Reversed and remanded.*